Spear, J.
The question whether the cause was or not appealable, depends upon whether the case in the court of common pleas was one in which a jury trial could of right been demanded. This depends upon the character of the case which was actually tried. It is conceded that upon the original pleadings, and the issues made as they stood prior to the filing of the amended and supplemental petition, June 3, 1895, the cause was one in equity, and triable to the court alone. It is contended by plaintiff in error, that the nature of the action was not changed at any stage of the controversy, but remained an action to establish a boundary line; to prevent multiplicity of suits; to prevent irreparable damage about to be done by an insolvent defendant to property of plaintiff against his protest; and to quiet title and remove a cloud from title, and so was a case in equity to the end; that this is abundantly shown by the pleadings, taken together, and the judgment rendered, and was so understood by all the parties and by the trial court, and that this is made clearly apparent by the reply filed Oct. 16, 1895, and the action of *283 the court at the trial. Section 79, Revised Statutes, is cited as authorizing a proceeding to quiet title as here prayed. And it is true that the last reply avers, that “the main question at issue between plaintiff and defendant, is the boundary line of what is known as the bed of the Miami and Erie canal, so called.” Also, that since the commencement of the action, the company has been from time to time encroaching on the lots of plaintiff, to his great and irreparable injury, and that the action among other things, is to prevent vexatious and repeated litigation. And the reply does pray, “in addition to his prayer in the amended and supplemental petition, that the court will establish and fix the boundary line of the said Miami and Erie canal bed, and decree that the premises in question belong to this plaintiff.” It is true, also, that the cause was tried to the court without formal waiver of a jury, and that the court, in its journal entry, does adjudge and decree that the petition, as well as the amended and supplemental petition of the plaintiff, be dismissed, all which gives color to the claimed understanding. But the ultimate question is not, what was the understanding of counsel, or even of the trial court, as to the character of the issues joined, nor yet the form of the judgment rendered, but what, in law, was the nature of the action, and what the character of the issues, as shown by the pleadings which control the case. And this leads to an inquiry respecting the effect upon the case made in the original pleadings by the filing of the amended and supplemental petition of June 3,1895, and as to the case presented by that pleading.
That a plaintiff may substitute an amended petition in the place of the original, and change the *284 form of action from an equitable action to a legal action, where the general identity of the transaction is maintained and the claim not substantially changed, admits of no question; nor is there doubt that if such change is made, the court, in determining the issues to be tried, will look wholly to the amended pleadings, disregarding the original, and the cause will thereafter be treated as a suit at law solely, and will proceed to trial and judgment as though it had been' commenced as a legal action.
The effect of the pleading filed June 3, 1895, upon the issues theretofore raised in the case, would not be conclusively determined by its title of “amended and supplemental petition,” nor by the expression “for amended and supplemental petition herein,” to be found in the first line, although such title and such statement should not be overlooked in ascertaining its effect, but if the new pleading appears to have been filed not by way of addition merely, to the original petition, and if it appears also to contain a full statement of the plaintiff’s case, being on its face a statement of an entire cause of action, and in substance a substitute for the original, the filing of it by the plaintiff will be regarded as implying an abandonment by him of the case made in the original petition and any additions thereto, and as selecting this as the pleading on which he founds his suit, and the only petition which the court is to consider in determining the issues to be tried. Such, we think, is the scope of this pleading, as must be apparent to any legal mind on an inspection of it.
What, then, is the character of the case which this pleading makes?
It starts with the- introductory phrase “for amended and supplemental petition herein” then *285 follows a description of the defendant company, and an averment that it is the owner of a line of railway from Toledo to St. Louis, and now is, and for a long time heretofore has been, the owner of certain yards and tracks. operated by it in connection with its said line of railway in Toledo, and that one Pierce, is receiver, now in possession operating the road. It then avers that plaintiff claims an estate in, and is the owner in fee simple of four lots in the Port Lawrence division of Toledo, as laid out and platted, and in size as shown by the Gower & Walker maps of Toledo; that for a long time the defendant company, its predecessors and grantors, acquiesced in his ownership and possession “until up to about the time of the commencement of this action,” at which time the defendant company, well knowing of the rights and ownership of plaintiff, unlawfully and forcibly entered upon the lots, against the protest of plaintiff, and took possession of, and fenced in a large portion thereof5 and laid its railroad tracks thereon, without making any compensation to plaintiff, to-wit: a strip fifteen to thirty-five feet in width, next adjoining-the property of the company, being formerly the canal bed of the Miami and Erie canal, and the company and the receiver continue to hold possession, interfering with plaintiff’s rights and casting a cloud upon his title, to his great and irreparable damage. Then follows an averment that defendant’s only title is by virbueof a claimed purchase of the canal bed which is only eighty-eight and- one-half feet wide, although the defendant, at the commencement of the action claimed, and now claims, a greater width, and under said claim has forcibly entered upon and taken the said portion of plaintiff’s lots without compensation, and that the *286 defendant’s claim is adverse to plaintiff’s rights. The prayer is that the defendants show their interest in the property; that it may be adjudged null and void; that judgment for the possession of said property may be awarded to the plaintiff, and defendant enjoined from interfering therewith until compensation has been made, and for other proper relief.
It must be manifest that the reference to the Gower & Walker map, and the statement of the company’s knowledge of and acquiescence in plaintiff’s ownership and possession, and of its title, and the width of the old canal bed, are but statements of evidence, and cannot aid the petition, and that the averment as to the possession of the company casting a cloud upon the plaintiff’s title to his irreparable damage, and that its claim is adverse to plaintiff’s rights, are simply legal conclusions. It is to be noted, also, as a significant fact, that while there is abundant claim of ownership in plaintiff, there is not a clear allegation of possession in him anywhere in the pleading. The allegation that defendant acquiesced in the ownership and possession of plaintiff “until up to about the time of the commencement-of the action, at which time the railroad company entered upon and took possession of, and fenced in a large portion thereof, and laid its tracks thereon,” if intended as a claim of possession in plaintiff at the time, is at best a dubious and equivocal averment, for the term “until up to about” would naturally imply a time preceding the date given. And it would seem that the draftsman could hardly have intended to aver possession in plaintiff at the commencement of the action, especially when it is remembered that a preliminary injunction was allowed *287 at the filing of the first petition, and that there is no claim in this petition that the company acquired possession, or enlarged its possession, in violation of the court’s order. It follows, we think, conclusively, that at the commencement of the action, the company was in possession of the strip in controversy, and that the primary object sought, as shown by this petition, was to procure the judgment of a court ousting it from that possession. This construction is aided by the fact that the receiver is, by supplementary pleading, made a party. No allegation, save as to possession, is made against him, nor was he for any other matter than possession, a necessary party, having acquired whatever right he had during’ the pendency of the action.
Thus we have a case of a plaintiff out of possession making claim to title and possession of land, and praying a court to adjudge his title good and award him possession; in other words, praying to recover the land. All other relief sought is ancillary to this; it is relief which, if a proper case is made by the evidence, may follow, but cannot precede, judgment of possession. That is, the case made in the pleading is for possession of land, and then equitable relief to prevent the company interfering with that possession until compensation shall be made. The real and primary question was one of title. That settled in favor of the plaintiff, all other claims would follow and be determined as matters of relief in aid of the recovery, while, if settled against the plaintiff, his whole contention would fail. It seems to us that it would be an unnecessary waste of space to stop to demonstrate that this action, as made by the amended and supplemental petition, is, as matter of primary relief, neither a bill for an injunction *288 to restrain, a continuing trespass, nor a bill to establish a boundary line between adjoining proprietors, nor an action to prevent a multiplicity of suits. Nor could it be maintained as an action to quiet title under section 5779, Revised Statutes. That section authorizes the bringing of an action “by a' person out of possession, having or claiming to have, an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein.” The plaintiff does not claim to have an interest in remainder or reversion; he claims to have title to the entire estate, present as well as prospective.
Nor can it be reasonably claimed that the plaintiff’s case is changed, or in any way aided, by the answer. That pleading, besides general denial and plea of the statute of limitations, sets up an equitable defense by way of estoppel. But it is common knowledge that this may be done under our statutes, sections 5071 and 5782. It seems equally well settled that, unless a new, affirmative case is made by the defendant which requires a trial in advance of a trial on the plaintiff’s cause of action, and, if found in favor of the defendant, would wholly supersede plaintiff’s claim, the trial of the case made by the plaintiff is not affected. The equitable plea in this answer is a defense merely. If found in favor of the company, the effect would be simply to defeat a recovery. See Smith v. Anderson, 20 Ohio St., 76; Buckner v. Mear, 26 Ohio St., 514. Nor do the allegations of the reply change or aid the plaintiff’s ease in chief. For that we look to the petition, not to the reply. New matter therein set up for the first time cannot avail.
*289 It results that the ease tried in the court of common pleas was an action for the recovery of specific real property. Section 5130, Revised Statutes, requires that causes of this nature- shall be tried by a jury unless a jury trial be waived. In such action no right of appeal exists, for, under section 5226, the right to appeal is limited to actions in which the right to demand a jury did not exist; and the tacit waiver of the right to demand a jury, and submission to the court, cannot change the character of the action. That, as we have already found, is to be determined by the nature of the action itself.
There was no error in dismissing the appeal.

Judgment affirmed.